IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3097-F

| | |
|---|---|
| KUSTAN TYLER KOCH,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>RICHARD O. BROADWELL, III,  )<br>)<br>Defendant.  )<br>)<br>) | ORDER |

This matter comes before the court on defendant's motion for summary judgment [D.E. # 20] pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff did not file a response to the motion. For the following reasons, the court grants the motion and dismisses the complaint.

## STATEMENT OF THE CASE

On May 26, 2011, plaintiff, an inmate in the custody of the State of North Carolina, filed the instant complaint pursuant to 42 U.S.C. § 1983, alleging that defendant, a "Private physician under contract" at Pamlico Correctional Institution, was deliberately indifferent to his serious medical needs and therefore violated his rights under the Eighth Amendment to the Constitution. Compl. [D.E. # 1] 2-4.[1] Specifically, plaintiff alleged that defendant failed to arrange or provide plaintiff

---

[1] Plaintiff preliminarily describes his complaint as a "civil rights action . . . for damages and injunctive relief under 42 U.S.C. § 1983, alleging denial of medical care in violation of the Eighth Amendment to the United States Constitution." Compl. 3. Although plaintiff asserts that "the court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C. § 1367[,]"
(continued...)

with required physical therapy and a "follow-up examination and treatment" by an appropriate specialist after he underwent surgery on his shoulder on February 21, 2010. Id. at 4. Plaintiff alleges that as a result of defendant's failure to provide adequate care he has decreased function in his shoulder and is now "handicapped." Id. Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. Id. at 4-5.

On February 9, 2012, the court entered an order [D.E. # 7] on frivolity review of the complaint pursuant to 28 U.S.C. § 1915(e). The court ordered that plaintiff's claim of deliberate indifference would be allowed to proceed, but that his claim for injunctive relief would be dismissed as moot. On June 7, 2012, defendant filed his answer [D.E. # 18] to the complaint and supporting exhibits. On August 9, 2012, defendant filed the instant motion for summary judgment [D.E. # 20], as well as a supporting affidavit [D.E. # 21] with exhibits, and a memorandum [D.E. # 22]. Defendant contends that he is entitled to summary judgment because "Plaintiff cannot establish the facts necessary to support a § 1983 claim for deliberate indifference to a serious medical need by Defendant Broadwell, and Defendant Broadwell is entitled to qualified immunity. Additionally, Plaintiff cannot forecast evidence sufficient to support a declaratory judgment or an award of punitive damages." Def.'s Mot. Summ. J. [D.E. # 20] 1. On August 10, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court issued notice to plaintiff of the filing of the motion for summary judgment. See Roseboro Letter [D.E. # 23]. The notice described plaintiff's right to respond to the motion, the time for filing a response, and included the text of Rule 56. To date, petitioner has not filed a response to the motion for summary judgment.

---

[1](...continued)
id., there are no state law tort claims specifically alleged in the complaint.

2

## STATEMENT OF THE FACTS[2]

The undisputed facts, viewed in the light most favorable to plaintiff, are as follows. Plaintiff underwent surgery on his shoulder in February of 2010. Compl. 4. In the weeks after his surgery, plaintiff was seen by nursing staff at Pamlico and Dr. Broadwell to address various sick-call requests or declared emergencies pertaining to pain medication or dental issues. Def's. Supp. Mem. 7-8. Upon referral by Dr. Broadwell, plaintiff was also examined by Dr. Diehl at the Central Prison Orthopaedic Clinic on March 11, 2010. Id. at 8. In the months following this orthopedic examination, plaintiff continued to see nursing staff at Pamlico in response to his sick call requests for treatment on a variety of matters, including shoulder pain, dental issues, and a venereal penile wart. Id. at 8-13. Plaintiff was transferred from Pamlico to Harnett Correctional Institution on July 26, 2011, and he remains incarcerated at Harnett to this day. Dr. Broadwell had no further contact with plaintiff or review of his medical file after his transfer. Id. at 13.

The North Carolina Department of Public Safety ("DPS") has a three-step administrative remedy procedure ("ARP") which governs the adjudication of inmate grievances. See, e.g., Moore v. Bennette, 517 F.3d 717, 721 (4th Cir.2008). The ARP first encourages inmates to attempt informal communication with responsible authorities at the facility in which the problem arose. ARP § .0301(a).[3] If informal resolution is unsuccessful, the ARP provides that an inmate may submit a written grievance on Form DC–410 (Step 1). DPS ARP § .0310(a). The inmate is to submit this grievance form to the "Facility Head, designated screening officer, or any other staff member." ARP

---

[2] Because the court finds dispositive defendant's affirmative defense that plaintiff failed to exhaust his remedies before filing suit, the court recounts only those facts necessary to adjudicate the failure-to-exhaust defense.

[3] Defendant has provided a copy of the Department's ARP as exhibit two to his Answer.

3

§ .0310(a)(2). If the grievance is appropriate for resolution, the Facility Head or a designee will issue a formal response to the grievance within fifteen days, completing step one review. ARP § .0310(a)(5). If the inmate is not satisfied with the decision reached at the step one level of the grievance process, he may request relief from the Facility Head, who will conduct a review of the record generated at step one and consider the inmate's response to the step one resolution (Step 2). ARP § .0310(b)(1). If the inmate is not satisfied with the decision reached by the Facility Head at step two, he may appeal his grievance to the Secretary of Correction through the Inmate Grievance Examiner (Step 3). ARP § .0310(c)(1). Receipt of the grievance appeal at step three is certified by the Executive Director of the Grievance Resolution Board. Id. The decision by the inmate grievance examiner or a modification by the Secretary of Correction shall constitute the final step of the administrative remedy procedure. ARP § .0310(c)(6).

During the time between his surgery and transfer from Pamlico, plaintiff filed two administrative grievances which he pursued through to the North Carolina Inmate Grievance Resolution Board. Affidavit of Finesse G. Crouch at ¶ 3, ex. 1 to Def.'s Ans. [D.E. # 18-1]. The first of plaintiff's administrative grievances appears to have been filed on or around February 24, 2011, and presents plaintiff's claim that the pain medication he was given after his surgery was ineffective and he was therefore suffering. He requested that "the proper medicine is given to provide for my situation." Id. Plaintiff's second administrative grievance was filed on or around September 1, 2010. In it, he complained about the pain he experienced due to being placed in handcuffs for at least 2.5 hours the previous evening. Id. Plaintiff did not file any administrative grievances respecting Dr. Broadwell's alleged failure to provide plaintiff with access to physical therapy, examination and/or consultation by an appropriate specialist, or other appropriate care

before filing this action on May 26, 2011.

## DISCUSSION

I.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). A "material" fact is identified by the substantive law, and "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. The party seeking summary judgment bears the initial burden of coming forward and demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party may not simply rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248-49, but instead "must come forward with specific facts showing that there is a *genuine issue for trial*." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis in original and quotation omitted).

In determining whether a genuine issue of material fact exists for trial, a court views the facts and reasonable inferences drawn from the parties' submissions in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 249-250 (citations omitted) ("If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."); id. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient . . . .").

5

II. Analysis

Dr. Broadwell argues that there is no material factual dispute that plaintiff failed to exhaust his administrative remedies respecting his claim that he was deprived of access to physical therapy or a follow-up examination by a "medical practitioner with expertise in the treatment and restoration of function of shoulder injury[.]" Compl. 4. Because defendant has supported this assertion with an appropriate affidavit and documentary evidence including the only administrative grievances filed by plaintiff during this time, and because plaintiff has not challenged defendant's assertion, the court considers it undisputed that plaintiff failed to exhaust his administrative remedies with respect to this claim. Fed. R. Civ. P. 56(c)(1)(A) & (e)(2).

The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 84 (2006) (noting that exhaustion under the PLRA is mandatory). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). A prisoner must exhaust his administrative remedies even if the specific relief he seeks in his complaint is not available through the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007). Furthermore, exhaustion is mandatory "even where the inmate claims that exhaustion would be futile." Reynolds v. Doe, 431 F. App'x 221, 222 (4th Cir. 2011) (unpublished decision) (citing Booth, 532 U.S. at 741 n.6).

6

As set forth above, it is undisputed that the North Carolina Department of Public Safety maintains an internal administrative grievance procedure for inmates' complaints about prison life. It is also undisputed that plaintiff did not avail himself of this process to raise the instant claim, much less exhaust it, before filing this suit. As such, he has failed to exhaust his administrative remedies as required by the PLRA and, therefore, defendant's motion for summary judgment is due to be granted and this matter dismissed for failure to exhaust remedies.[4]

## CONCLUSION

For all of the foregoing reasons, defendants' motion for summary judgment (DE # 20) is GRANTED and this case is DISMISSED without prejudice due to plaintiff's failure to exhaust available administrative remedies in accord with the PLRA, 42 U.S.C. § 1997e(a). The Clerk of Court is DIRECTED to close this case.

SO ORDERED. This the 29 day of January, 2013.

James C. Fox
JAMES C. FOX
Senior United States District Judge

---

[4] As discussed above, although plaintiff asserts that this "court has supplemental jurisdiction" over his "state law tort claims under 28 U.S.C. § 1367," Compl. 3., no such claims are expressly alleged in the complaint. Nevertheless, to the extent any state law tort claims might be liberally construed in the complaint, in light of the dismissal of plaintiff's federal claim, the court declines to exercise supplemental jurisdiction over any state law claims and dismisses such claims without prejudice. See § 1367(c)(3); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

7